UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Brett Michael Arensdorf | ) | CASE NO. 19-01720 |
| Pamela Kay Arensdorf | ) | |
| | ) | APPLICATION FOR APPROVAL |
| Debtor(s). | ) | OF EMPLOYMENT OF |
| | ) | ATTORNEY OR ACCOUNTANT: |
| | ) | RECOMMENDATION AND |
| | ) | ORDER |

1. Applicant is the Trustee in this case.

2. Applicant believes that the employment of an attorney is necessary to represent or assist Trustee in carrying out the Trustee's duties as follows:

The services of an attorney will be necessary to represent the Trustee and the Bankruptcy Estate's interest in investigating and pursuing an annuity claimed exempt, and to carry out such other legal services as the Trustee deems necessary and in the best interests of the bankruptcy estate.

3. Stephen B. Larson, and Simmons Perrine Moyer Bergman PLC, 115 3rd Street SE, Suite 1200, Cedar Rapids, IA 52401-1266, is qualified by reason of practice and experience to render such representation or assistance.

4. The compensation will be as follows:

A contingency fee of Forty percent (40%) of the gross recovery, plus reimbursement of out-of-pocket expenses.

5. Applicant has disclosed to the undersigned that he has the following connections with the debtor(s), creditors, or any other parties-in-interest:

None, except that in other unrelated matters, Simmons Perrine Moyer Bergman PLC has been adverse to or represented, Dubuque Bank & Trust, AAMS, Capital One, N.A., Equifax, Experian, Heartland Financial USA, Kohl's, Mediacom, SYNCB/Sam's, Transunion, MercyOne Dubuque, and Visa all of which are creditors or parties in interest in this case but are not the targets of the Applicant's pursuit. Additionally, Applicant's

Firm has been adverse to or represented Principal Financial, who might be the custodian of the annuity in question, but Applicant reasonably believes "Principal" (the name listed on page 4 of the Debtor's petition in reference to an annuity account) has no role other than as a stakeholder and so Applicant reasonably believes it is qualified.

WHEREFORE, applicant prays that the Court approve such employment by the Trustee.

Dated:__01.14.20 _____          _____/s/ Renee K Hanrahan _____
                                                            Trustee

### RULE 2014(a) VERIFICATION

I, Stephen B. Larson, of Simmons Perrine Moyer Bergman PLC, 115 3rd Street SE, Suite 1200, Cedar Rapids, IA 52401-1266, named in the foregoing Report, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge and belief.

Dated: January 14, 2020          SIGNED: /s/ Stephen B. Larson_____

### RECOMMENDATION OF THE UNITED STATES TRUSTEE

Based on the Application made by the trustee, I recommend that the professional employment applied for by the trustee be approved for the purpose indicated in the application.

Dated and Entered:___01.15.20 _____

United States Trustee, Region 12

By:__/s/ Janet G. Reasoner _____

United States Trustee's Office
111 7th Avenue SE, Box 17
Cedar Rapids IA  52401-2101
319.364.2211

ORDER

Upon the foregoing Application and Recommendation and for cause shown, and pursuant to the provisions of Title 11, United States Code, §327, it is

ORDERED, the professional employment applied for is hereby APPROVED subject to the limitations provided for by Title 11, United States Code, §328.

Dated and Entered: _____January 16, 2020_____

_____
UNITED STATES BANKRUPTCY JUDGE